## HYDE v. UNITED STATES.
### No. L–326.

Court of Claims,
June 6, 1932.

This case having been heard by the Court of Claims, the court, upon the evidence adduced, makes the following special findings of fact:

The plaintiff filed an income tax return for 1927 on March 15, 1928, and paid the tax thereon shown to be due in the sum of $1,788.86.

Thereafter plaintiff's return was examined by a revenue agent who, on November 27, 1928, recommended additional taxes for the year 1927 in the sum of $16.80, which was assessed in February, 1929, and settled by being charged against an overpayment of plaintiff's income taxes for 1925. The bal-

ance of the overpayment for that year in the sum of $55.26 was refunded to plaintiff.

Thereafter, on February 25, 1929, plaintiff, pursuant to section 606 of the Revenue Act of 1928 (26 USCA § 2606), executed what was described therein as a "final and conclusive" agreement as to her tax liability for the years 1925 and 1927, which agreement was on March 2, 1929, approved by the Commissioner of Internal Revenue and the Secretary of the Treasury. This agreement fixed the amount of her taxes for 1927 in the sum of $1,805.66, which was paid by her.

The evidence shows that in plaintiff's return for the year 1927 the plaintiff reported the sum of $37,325.78 as taxable income from the estate of her father, Nathan Trotter, in accordance with a statement received from the trustees of said estate. When the trustees of the Trotter estate filed a fiduciary income tax return for the year 1927, they reported profits from the sale of stock received as stock dividends in the sum of $69,314.34. Later, in July, 1929, the returns of the estate of Nathan Trotter, deceased, for the year 1927, were investigated by a revenue agent. The agent reported that the net income of said estate for the year 1927 should be reduced by excluding from income the sum of $69,314.34, being the amount derived by the said estate from the sale of stock received as stock dividends, and reduced the share of plaintiff's income from said estate from $37,-325.78 to $14,220.99 on account of this change, which was subsequently approved by the Commissioner of Internal Revenue.

On January 23, 1930, the plaintiff duly filed a claim for refund in the amount of $1,-788.86, on the ground that the amount of the income accruing to the plaintiff from the estate of Nathan Trotter, deceased, had been reduced ·by the determination of the Commissioner of Internal Revenue, and on account of said reduction the amount of tax paid by her should be reduced in the sum claimed, which should be refunded. This claim was rejected by the Commissioner on the ground that the taxpayer's liability ·for the year 1927 had been closed by a final and conclusive agreement.

Wilton H. Wallace, of Washington, D. C. (B. B. Pettus and Colladay, McGarraghy, Pettus & Wallace, all of Washington, D. C., on the brief), for plaintiff.

Lisle A. Smith, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (E. H. Horton, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, WHALEY, WILLIAMS, and LITTLETON, Judges.

GREEN, Judge.

The plaintiff brings this suit alleging that she has overpaid her taxes for the year 1927 in the sum of $1,788.86, which she asks be refunded.

It appears from the evidence that the plaintiff has executed what is commonly called a "closing agreement" with reference to her taxes for the year 1927, stipulating the liability thereon, which agreement was executed in accordance with the provisions of section 606 of the Revenue Act of 1928, and signed by the Commissioner of Internal Revenue and the Secretary of the Treasury in March, 1929. The law provides that such agreements shall be final and conclusive, "except upon a showing of fraud or malfeasance, or misrepresentation of a material fact." The argument made on behalf of plaintiff is to the effect that the amount of gain and profit received or due plaintiff from her father's estate was misrepresented to her by the trustees thereof, that by reason of this misrepresentation she overstated her income, and that consequently she is entitled to repudiate the agreement.

The statute does not expressly limit the misrepresentations upon which the agreement may be set aside to statements made by the agents of the government, but a reading of the context shows plainly that the statute was not intended to apply to misrepresentations made by other parties.

This construction of the law makes is unnecessary to consider the other defenses set up by the defendant. The plaintiff's petition must be dismissed, and it is so ordered.